Please be seated. Alright, this is Irwin v. Shymansky for the Appellant Mr. Young for the Appellant Ms. Petrillo. You may proceed. Thank you, good afternoon. Please the court, counsel. We're here on a very simple, but a very important point, and that is whether or not after affirmance from this court the trial court retains jurisdiction to entertain a fee petition 60 some days after the mandate was filed in the trial court. More precisely, we're here under rule, Supreme Court Rule 369, which really is two-pronged. One, it addresses the issues of remandment where the mandate is accompanied or attended by some sort of direction from the appellate court, and that is under Part C of the rule, but we're not dealing with that part of the rule here today. Part B of the rule plainly says that the matter is to be considered as if no appeal had been taken. That has to do with either an affirmance or a dismissal of the appeal, where there is no attending direction from this court to the appellate court. In this case, the mandate was filed by the circuit court on the fourth day of September. Sometime in November, the defendant filed another application for additional attorney's fees. The plaintiff filed her objection and stood on her objection to avoid any sort of revestment argument and argued that after 30 days, the trial court lost jurisdiction to even entertain the petition, and therefore the judgment entered is void. Part B of the rule plainly says that if once the mandate is filed, enforcement of the judgment may be had, of course, and other proceedings may be conducted, and then the operative language is as if no appeal had been taken. We suggest that the rule strongly carries with it an equivalency, a strong equivalency to if no appeal has been taken. And the reporters are replete with cases that on the 31st day after a final judgment is entered, the court loses jurisdiction to amend, modify, extend, or entertain further requests for relief. There are no published cases on file or opinions on point, so this is, in a sense, a case of first impression in that after appeal, the question precisely is whether the trial court did lose jurisdiction after 30 days to entertain the fee petition. We cite the Hurley Hay case, which I think sets the rule out very plainly on the issue of whether the trial court has any jurisdiction after 30 days after the entry of a final judgment, and the court cited in many, many cases says the circuit court retains jurisdiction for 30 days after entry of the final order or judgment, has jurisdiction to entertain a motion for attorney's fees filed within 30 days after entry of final judgment without regard to the previously filed notice of appeal. And the suggestion further that the request for attorney's fees can be even part of the original action or collateral to the original action, it makes no difference. Again, we're looking to what happens if no appeal has been taken. On the 31st day, the trial court loses jurisdiction and absent some special jurisdiction as conferred by Section 214.01 or otherwise, the trial court lacks any jurisdiction to entertain a fee petition. The rule here after appeal is self-executing. Part A of the rule says the clerk shall promptly file the mandate. I suppose that's in there so that the clerk doesn't conveniently just park the mandate somewhere until at the convenience of one or more of the parties or the court the timeline could be triggered. But then we're immediately faced with, in this situation where there was an outright affirmance, which is the equivalent of a dismissal or would be the equivalent under the rule of a dismissal, and at that point in time, the clock begins to tick. On the 31st day, the trial court lost jurisdiction to entertain any sort of a motion for those additional fees. The defendant relies heavily on a previous case of this court, Stein v. Spanauer, which really has nothing to do with anything. In the first instance, that case doesn't even tell us when the mandate was actually filed in the trial court, so we don't know when that actually happened and we can't fix a timeline on it. It also had to do with whether or not under Rule 369 the petition filed was an other proceeding under that rule. And that's all that that court really did hold. Timeliness of the filing was not an issue. Timeliness was not decided in its plainness to see that if timeliness could have been raised, it was clearly waived in that case. It simply dealt with the issue of whether or not the proceedings, the type of proceedings, was proper or not. There is the case, one which I am very familiar with, the Mashoff and Hockenkemper case out of the 5th District, which in that case the fee petition was clearly filed within 30 days, so timeliness was not an issue. So we're not arguing that the court could not have entertained a fee petition within that 30-day period. Our argument simply is that after the 30th day, the trial court lost jurisdiction and therefore the judgment it entered on the fee petition was void for want of jurisdiction under Supreme Court Rule 369. Again, I don't want to belabor the point. It's not a difficult one, yet it's a very important one because the fee petition resulted in a substantial award of fees. We would just ask that this court find and hold that under Rule 369 after the mandate has been filed, there's a 30-day period in which, not unlike the original entry of the judgment, the fee petition could have been filed and since it was not, it was filed tardily and untimely and the court lost jurisdiction and we'd ask that the court reverse that award and reverse the trial court outright. Thank you. Thank you, Mr. Young. I appreciate your time and rebuttal. Mr. Trilley? May it please the court, counsel? We agree that the sole issue in this case is whether the circuit court had jurisdiction to enter the award of fees that were incurred by Ms. Schumanski in defending what would have been Appeal No. 2 in this case that had been filed by Ms. Irwin. Rule 369 clearly contemplates procedures that are consistent with the mandate, which in this case was an affirmance without a remand. However, there's substantial case law including Stein v. Spanhauer by this court that held that a motion for fees is, in fact, a proceeding that's consistent with an affirmance on appeal and would then fall within Rule 369. What we don't agree on is that this is a case of first impression. We believe that the Stein case and the opinion issued by this court are squarely on point both factually and procedurally. I know that counsel made reference that there was no way to determine when the mandate was issued, but it's actually in the opinion issued by this court that the mandate in Stein was issued on November 1, 1988 and the motion for fees was filed December 22, 1988 which was 52 days after the mandate had issued. That's in the opinion? It is in the opinion, yes. It is on page 67 of the opinion. Now, the facts in the party appealing had lost its appeal. The party seeking fees then, after the mandate was issued again, 52 days after the mandate was issued, petitioned for the fees that were incurred in its successful appeal. The trial court awarded those fees. The party against whom the fees were awarded then appealed again, similar in this case, and claimed that the circuit court left jurisdiction. Now, there wasn't reference to this notion of 30 days. However, this court considered whether or not the trial court had jurisdiction to enter the award of fees and came to the conclusion that, in fact, the circuit court did have jurisdiction. If there was an issue at that time with jurisdiction, whether it be under Rule 369 or this 30 day notion that the defendant raises, this court certainly, and likely Suis Ponte could have raised and addressed that issue, given that what we were talking about and what was discussed was the jurisdiction of the court to enter the order, which was before this court. While the 30 days again wasn't an issue, the issue was jurisdiction, and we believe this court has considered and found that the circuit court does have jurisdiction to enter an award of fees, the motion of which was filed more than 30 days after the mandate. Now, the defendants rely heavily on Hurley He, which we believe in this case is factually and procedurally dissimilar. The facts in Hurley He involved a party LaGrange that was dismissed out of the complaint and out of the proceedings by the trial court. Then, about a year later, that party that had been dismissed out petitioned the trial court for the fees incurred in the trial court proceeding. This case is factually dissimilar in that these parties are still a part of this case, and this case was very much still pending on other issues with the circuit clerk this entire time, or with the circuit court, I'm sorry, the entire time. And in fact, there are still proceedings at the circuit court right now. Additionally, in this case, we are not talking about a petition for fees that were incurred at the trial court. This was a new petition for fees incurred in the appeal that was brought by Ms. Irwin. Now, the first district, which was the court that entered the opinion, or issued the opinion in Hurley He, recently issued an opinion just on June 20th, so it is not published at this time, but that opinion in Ontai, which is O-N space T-A-I V-1 Sean W-E-N space X-U-A-N, the circuit court actually, or I'm sorry, the first district actually clarified its decision in the Hurley He case and opined that in cases where the issue did not involve a party dismissed from a case filing a motion for fees nearly a year later, that their decision in Hurley He wouldn't apply to factual scenarios outside of that situation. For example, Ontai was very concerned about the third and fourth appeal, and a mandate had issued the motion for fees on the appeal on which the mandate had issued was filed far greater than 30 days after the mandate and the first district affirmed that award and refusing to extend Hurley He to that same factual situation. Now, we understand that Ontai is not precedent in this case for various reasons. The first district case, it was just issued June 20th. It is not published. However, we think that it is important to consider given that it's the first district's own clarification of its opinion in Hurley He. We believe that our precedent and our support is found squarely within the Stein v. Spanhauer opinion from this court, and we would ask that the order in the circuit court granting our fees that were incurred in defending Ms. Irwin's second appeal be affirmed. Thank you. Can I ask a practical question? Sure. Does Ms. Irwin have enough money to pay all this? We don't know what... I mean, that, I think, would probably be a question better directed at her counsel. We are aware of some of her assets that were discovered in various citations and are in the process of collecting these judgments pursuant to a wage garnishment and a turnover order that was affirmed by this court not very long ago. Mr. Young, would you? Thank you. Just a couple of points. First, yes, Stein says the mandate issued. It nowhere says the mandate was filed or what date it was filed. And a sloppy reading of that case can lead you to believe that, you know, maybe the issuance of the mandate and the filing are intended to be the same thing, but they're not. The rule reads in terms of when the mandate is filed, and Stein v. Spanhauer says nothing about what date the mandate was filed in that case. Why should we infer that the issuance of the mandate isn't the same thing? Because the appellate court issues it and the trial court files it. It's two different persons doing a wholly separate judicial act. So, your argument is the appellate court issued its mandate that far we know was never filed? No, I assume it was filed at some point in time, but timeliness was never an issue in that case. And I just resent the fact that they're suggesting that I'm misinterpreting that case to this court because it does not say when the mandate was filed. And I challenge you to find that in that file. The case says when the mandate was issued, period. Secondly, this is the end of this case. Now, they want to refer, there are other proceedings pending in the circuit court and now in this court, the case based on Ms. Schumanski's perjury that is winding its way up here. But that's all that's out there to suggest that this case is still lingering is not correct either. And finally, the Herlihy case we cited as much as anything for the plethora of cases that say after 30 days the trial court loses jurisdiction and we finally just plainly submit that under Rule 369 there is an absolute equivalency between taking an appeal and as if an appeal was taken. How do you distinguish those? The rule is self-executing. If you don't do that, under Part C of the rule, there's a 10-day notice given by one party to the other to reinstate the case. Under Part B of the affirmance, it's self-executing. When the mandate is issued, the clock begins to run and we submit that that is the end of the matter. And we'd ask that this court reverse it. Thank you. Thank you. We'll take this matter under advisement and stay it in recess until the readiness of the last hearing.